**CRIS C. VAUGHAN** (SBN 99568)
VAUGHAN & ASSOCIATES
6207 South Walnut Street, Suite 800
Loomis, CA 95650
Telephone: (916) 660-9401
Facsimile: (916) 660-9378
cvaughan@adasolutionsgroup.com

Attorneys for Defendant, Bay Area Lodging, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **Scott Johnson,** | Case No.:  5:18-cv-05108-BLF |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| v. | _DEMAND FOR JURY TRIAL_ |
| **Bay Area Lodging LLC, a California limited liability company;** and Does 1-10, | |
| Defendants. | |

Defendant, Bay Area Lodging LLC, a California limited liability company ("Defendant") by and through the undersigned attorney hereby submits the following Answer to the Complaint of Plaintiff, Scott Johnson, filed on August 21, 2018, and states as follows:

1.      As to Paragraph 1, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

2.      As to Paragraph 2, 3, 4, 5, 6, and 7, Defendant admits the allegations of these Paragraphs of the Complaint.

3.      As to Paragraph 8, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

///

**JURISDICTION AND VENUE**

4.      As to Paragraph 9, Defendant admits the Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.   Except as so admitted, Defendant denies the remaining allegations of this Paragraph of the Complaint.

5.      As to Paragraph 10, Defendant denies the court should exercise supplemental jurisdiction. To the extent that a further response is required, Defendant denies the remaining allegations of this Paragraph of the Complaint.

6.      As to Paragraph 11, Defendant admits venue is proper in this Court to the extent the events alleged in the Complaint occurred within the Northern District of California.  Except as so admitted, Defendant denies the remaining allegations of this Paragraph of the Complaint.

**FACTUAL ALLEGATIONS**

7.      As to Paragraph 12, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

8.      As to Paragraph 13, Defendant admits the allegations of this Paragraph of the Complaint.

9.      As to Paragraph 14, Defendant admits the allegations of this Paragraph of the Complaint.

10.      As to Paragraph 15, Defendant denies the allegations of this Paragraph of the Complaint.

11.      As to Paragraph 16, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

12.      As to Paragraph 17, Defendant Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

13.      As to Paragraph 18, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

14.      As to Paragraph 19, Defendant denies the allegations of this Paragraph of the Complaint.

15.     As to Paragraph 20, Defendant Defendant admits the allegations of this Paragraph of the Complaint.

16.     As to Paragraph 21, Defendant denies the allegations of this Paragraph of the Complaint.

17.     As to Paragraph 22, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

18.     As to Paragraph 23, Defendant denies the allegations of this Paragraph of the Complaint.

19.     As to Paragraph 24, Defendant denies the allegations of this Paragraph of the Complaint.

20.     As to Paragraph 25, Defendant denies the allegations of this Paragraph of the Complaint.

21.     As to Paragraph 26, Defendant denies the allegations of this Paragraph of the Complaint.

22.     As to Paragraph 27, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

23.     As to Paragraph 28, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

24.     As to Paragraph 29, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

25.     As to Paragraph 30, Defendant denies the allegations of this Paragraph of the Complaint.

26.     As to Paragraph 31, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

27.     As to Paragraph 32, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

28.     As to Paragraph 33, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

29.    As to Paragraph 34, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

## **FIRST CLAIM FOR RELIEF**

30.    As to Paragraph 35, Defendant incorporates by reference responses to all preceding paragraphs of this Answer as though fully set forth herein.

31.    As to Paragraph 36, Defendant responds that this Paragraph contains purported recitations and conclusions of law that require no response. To the extent that a response is required, Defendant denies the allegations of this Paragraph of the Complaint.

32.    As to Paragraph 37, Defendant responds that this Paragraph contains purported recitations and conclusions of law that require no response.  To the extent that a response is required, Defendant denies the allegations of this Paragraph of the Complaint.

33.    As to Paragraph 38, Defendant denies the allegations of this Paragraph of the Complaint.

34.    As to Paragraph 39, Defendant responds that this Paragraph contains purported recitations and conclusions of law that require no response.  To the extent that a response is required, Defendant denies the allegations of this Paragraph of the Complaint.

35.    As to Paragraph 40, Defendant denies the allegations of this Paragraph of the Complaint.

36.    As to Paragraph 41, Defendant responds that this Paragraph contains purported recitations and conclusions of law and no response is required, but to the extent that one may be required Defendant denies the allegations of this Paragraph of the Complaint.

37.    As to Paragraph 42, Defendant denies the allegations of this Paragraph of the Complaint.

38.    As to Paragraph 43, Defendant is without knowledge or information as to whether plaintiff continues to desire to patronize the motel. Defendant denies the remaining

allegations of this Paragraph of the Complaint.

## SECOND CLAIM FOR RELIEF

39.     As to Paragraph 44, Defendant incorporates by reference responses to all preceding paragraphs of this Answer as though fully set forth herein.   The remaining allegations of this Paragraph contains purported recitations and conclusions of law and no response is required, but to the extent that one may be required Defendant denies the remaining allegations of this Paragraph of the Complaint.

40.     As to Paragraph 45, Defendant responds that this Paragraph contains purported recitations and conclusions of law and no response is required, but to the extent that one may be required Defendant denies the allegations of this Paragraph of the Complaint.

41.     As to Paragraph 46, Defendant denies the allegations of this Paragraph of the Complaint.

42.     As to Paragraph 47, Defendant denies the allegations of this Paragraph of the Complaint.

43.     As to Paragraph 48, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

## DEFENSES

Defendant hereby asserts the following defenses to Plaintiff's claims for relief:

## FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendant alleges Plaintiff is barred from seeking relief by the doctrine of unclean hands.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

Defendant alleges Plaintiff lacks standing.

## THIRD AFFIRMATIVE DEFENSE

### (Premises Built Prior to Effective Date of Americans with Disabilities Act)

The property owned and operated by Defendant was designed, constructed and first

occupied prior to the effective date of Title III of the Americans with Disabilities Act.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to State Claim)

Defendant alleges the Complaint fails to state facts sufficient to constitute a cause of action under any legal theory against this answering Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Defendant alleges based on information and belief that Plaintiff has failed to take all reasonable steps necessary to mitigate, limit, minimize or avoid damages he alleges to have suffered as the result of the alleged conduct by Defendant.  Defendant is entitled to have sums to which Plaintiff may be entitled, if any, reduced by the amount Plaintiff could reasonably have been able to mitigate, minimize, or avoid.

## SIXTH AFFIRMATIVE DEFENSE

### (No Entitlement to Attorneys' Fees and Costs)

Plaintiff is not entitled to recover attorneys' fees and costs.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

Defendant alleges that the acts or omissions of Defendant was not the proximate cause of any injury or damage to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff is estopped from seeking relief herein due to his own acts and/or omissions with reference to the subject matter of the Complaint. Plaintiff's allegations are false and not based on a reasonable good faith belief.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has waived any claims he may have against this answering Defendant with reference to the subject matter of the Complaint.

### TENTH AFFIRMATIVE DEFENSE

### (No Damages)

All of Plaintiff's causes of action are barred because Plaintiff suffered no damages as a result of the alleged conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Not Readily Achievable)

Removal of the alleged architectural barriers is not readily achievable.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Modification Required)

Defendant alleges, based on information and belief, that there has been no violation of any California statute since there is no law requiring construction, alteration, repair or modification of the subject property.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Actual Barrier to Use)

Defendant alleges Plaintiff did not encounter any barrier to access that unreasonably interfered with the use and enjoyment of the property by Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Access Provided Through Alternative Methods)

Defendant alleges it provides persons with disabilities equal access by alternative methods.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Accommodation Sought Would Alter Nature of Business)

Defendant alleges, on information and belief, that the modifications requested by Plaintiff are not required since they would fundamentally alter the nature of the business of Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Accommodations Sought are Unreasonable and Economically Unfeasible)

Defendant is only required under the ADA, California Civil Code, and the Unruh Civil

Rights Act, to remove architectural barriers in its existing facilities if such removal is "readily achievable."  Defendant alleges, on information and belief, that the barriers Plaintiff refers to in his Complaint cannot be removed and requiring Defendant to do so would put Defendant in financial jeopardy.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Defendant's Conduct Not Intentional)

Defendant alleges that the conduct, if any, alleged by Plaintiff to be discriminatory was not intentional.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Moot)

Plaintiff's claims are moot as all alleged barriers have been removed.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The Complaint is barred by Plaintiff's failure to timely file this action.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Not Subject to Civil Code §51)

Defendant is not subject to the provisions of the Unruh Civil Rights Act, Civil Code § 51, et seq., for the conduct alleged in Plaintiff's Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Conduct was privileged)

Defendant's conduct with regard to the Plaintiff was privileged, justified and in good faith.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Laches)

Defendant is informed and believes and thereon alleges the Plaintiff's Complaint is barred, in its entirety, by the Doctrine of Laches.

///

///

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Contributory Negligence)

Defendant alleges, based upon information and belief, that any and all events or happenings, injuries or damages, if any, referred to in the Complaint would be proximately caused or contributed to by the negligence and fault of Plaintiff, in that Plaintiff did not exercise ordinary care on his own behalf at the times and places referred to, and therefore, Plaintiff is completely barred from recovery herein or in the alternative, under the Doctrine of Pure Comparative Negligence and Fault, said incident reduced Plaintiff's right to recover thereon by the amount which said acts contributed to said incidents or injuries.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

Defendant alleges, based on information and belief, that Plaintiff freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Discriminatory Conduct)

Defendant has not engaged in any discriminatory conduct as alleged in the Complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Unintentional Conduct)

Plaintiff has failed to state a Cause of Action for violation of the Unruh Civil Rights Act, because to the extent that any violation existed, none is admitted to, and such violation was unintentional.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Improper Supplemental Jurisdiction)

Supplemental jurisdiction of the State Law claims is improper, as it is based on new and/or complicated issues of State Law.

///

///

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Dimensional Tolerances)

Plaintiff's Complaint, and each and every claim contained therein, is barred, in whole or in part, because to the extent any architectural barriers alleged by Plaintiff exist, which are disputed by Defendant, such barriers are within permissible State and Federal dimensional tolerances.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Damage Claims Barred by Lack of Actual Harm or Injury)

Defendant asserts that Plaintiff is not entitled to an award of statutory damages because Defendant is informed and believes that Plaintiff was not actually personally deterred, impeded, or deprived of equal access to Defendant's public accommodations while seeking Defendant's goods or services as alleged in Plaintiff's Complaint.  Defendant is informed and believes that if Plaintiff, or his agents, in fact presented himself/themselves at the subject facility as alleged in the Complaint, he/they did so for the specific purpose of looking for discriminatory access barriers rather than to avail herself/themselves of the goods and services offered by Defendant, thereby precluding Plaintiff under California law from obtaining the statutory damages he has requested in his Complaint.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Strict Compliance Excused – Improvements in Progress)

Any failure of Defendant to be in strict compliance with the barrier removal standard is excused as a result of the actions of Defendant, which included Defendant's obtaining an evaluation of the property to identify needed alterations, if any, formulation of a plan to make any such alterations, the completion of some alterations and ongoing improvement efforts as a part of the overall improvement plan.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Additional Defenses Based on New Information)

Defendant presently has insufficient knowledge and information as to whether it may have additional, as yet unidentified, defenses available. Defendant reserves the right to assert

additional defenses in the event discovery reveals or indicates that such defenses would be appropriate.

**WHEREFORE**, this answering Defendant prays judgment as follows:

1.      That Plaintiff takes nothing by way of this Complaint;

2.      That Judgment be rendered in favor of Defendant against Plaintiff and the Complaint be dismissed with prejudice;

3.      That Defendant be awarded costs of suit incurred in defense of this action;

4.      That Defendant be awarded attorneys' fees incurred in the defense of this action; and

5.      For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

VAUGHAN & ASSOCIATES

Dated:  October 8, 2018                     By: */s/ Cris C. Vaughan*
                                            CRIS C. VAUGHAN
                                            Attorney for Defendant, Bay Area Lodging
                                            LLC


### DEMAND FOR JURY

Defendant demands a jury pursuant to Federal Rules of Civil Procedure 38(b) on all issues raised in the Complaint of Plaintiff, Scott Johnson.

VAUGHAN & ASSOCIATES

Dated: October 8, 2018                      By: */s/ Cris C. Vaughan*
                                            CRIS C. VAUGHAN
                                            Attorney for Defendant, Bay Area Lodging
                                            LLC